### ED FRITZ v. STATE.

No. A-7449. Opinion Filed June 21, 1930.
Rehearing Denied July 19, 1930.
(290 Pac. 193.)

J. H. Long, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter referred to as the defendant, was convicted of willfully, unlawfully, and wrongfully pointing a deadly weapon, to wit, a pistol, at S. H. and D. M. Merchant, and was sentenced to pay a fine of $50 and cost and be confined in the county jail for three months.   Motion for new trial was filed, considered, and overruled, and defendant excepted, and by petition in error and case-made has appealed to this court.

The testimony on behalf of the state, in substance, is as follows:  S. H. Merchant was poundmaster at Duncan, Okla.; on the 23d day of January, 1929, the morning of the difficulty, had taken up some stock of the defendant; after the stock had been empounded, the defendant drove down to Merchant's home, and a controversy arose as to the amount the defendant should pay in order to have the stock turned over to him; the defendant returned home without the stock, but notified the poundmaster he was going to take the stock; when the defendant returned, he was accompanied by his wife, followed by a nephew to the pound; the wife of the poundmaster and a stepson was at the home of the son of the poundmaster, D. M. Merchant, across the street from the pound; as to just what took place at the pound the evidence is conflicting.   The defendant had a revolver, and the evidence shows that when he drew the revolver the son of the poundmaster grabbed the defendant and held his arms down so he could not shoot; in the scuffle the gun was

fired; immediately following this shot, the nephew of the defendant came up, and while the difficulty was in progress the defendant told him to shoot the poundmaster and his son between the eyes; this nephew was about eighteen years of age; he took the gun from his uncle and held it on the poundmaster; and the wife of the poundmaster got between them to prevent him from shooting, and later they were separated.

The defendant, the wife of the defendant, and the nephew contradicted the statements of the state witnesses and insist that S. H. Merchant took a gun down to the pound with him, and that he had a hammer in his hand when he got down to where the defendant, his wife, and his nephew were. While the testimony is conflicting, there is no dispute that the defendant went to the pound where the prosecuting witness Merchant was, carrying a pistol; that he drew the pistol and had it in his hand when the son of the poundmaster grabbed him around the arms and swung him around and the gun was discharged; the nephew then took the gun and held it; the testimony is conflicting as to whether the defendant told him to shoot the prosecuting witness and his son, or what was said by the defendant after the nephew got hold of the pistol.

The defendant has assigned several errors alleged to have been committed by the trial court, the first being the court erred in overruling his motion for a new trial. The seventh, that the court erred in giving instructions 5, 6, 7, 8, and 9, over the objection of the defendant. The eighth, that the court erred in refusing to give requested instructions Nos. 1, 2, 3, 4, and 5. Tenth, that the verdict is not sustained by the evidence and is contrary to the law and the court's instructions. The defendant also complains that the court erred in overruling his demurrer to the information.

An examination of the information discloses that it stated the offense charged against the defendant with sufficient clearness to advise the defendant of the charge against him, and the court did not err in overruling the demurrer.

The defendant also complains that he was charged jointly with Darral Fritz with pointing a gun, and that the state should have sustained his motion requiring the state to elect which one he would rely upon as being the party pointing the gun, whether Ed Fritz or Darral Fritz, and also at which of the alleged witnesses it was pointed, S. H. Merchant or D. M. Merchant. This motion was overruled, and defendant excepted. It was not error for the court to overrule this motion, as the testimony discloses that the two defendants were acting together.

Section 1521, Comp. St. 1921, is as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor and whether they directly commit the act constituting the offense or aid and abet in its commission, though not present, are principals."

The testimony in this case tends to show that the acts of the nephew were under the direction of the defendant, and that the defendant in this case by his action and co-operation with the nephew was the principal, and directed his nephew to shoot the prosecuting witness and his son between the eyes.

In Woody v. State, 10 Okla. Cr. 322, 136 Pac. 430, 431, 49 L. R. A. (N. S.) 479, this court held that:

"Where a man and a woman are jointly prosecuted for adultery, one of the defendants may be acquitted and the other may be lawfully convicted."

The proof in this case tends to show that the defendant was acting jointly with his nephew, Darral Fritz, and that he was the principal in the difficulty, and the acquittal of Darral Fritz did not operate as an acquittal of the defendant. In the trial of the defendant it was immaterial whether the boy, Darral Fritz, had been tried and convicted or acquitted, as it had nothing to do with the trial of this defendant.

The defendant urged that the remarks of the county attorney were prejudicial to his rights. The record in this case discloses that the remarks of the county attorney were not objected to by the defendant and the objectionable part pointed out by the defendant, and a request made to the court that the jury be instructed not to consider the remarks. This court has repeatedly held that unless the defendant objected to the remarks of the county attorney and asked the court to instruct the jury not to consider the same, there is nothing before this court to be passed upon. Newcomb v. State, 23 Okla. Cr. 173, 213 Pac. 900; Wilson v. State, 24 Okla. Cr. 332, 217 Pac. 885.

We have carefully examined the information in this case and the testimony of both the state and the defendant, and have carefully considered the instructions of the court, and are of the opinion that the defendant had a fair and impartial trial; that the evidence is sufficient to support the verdict of the jury; and that the court substantially instructed the jury as to the law applicable to the facts in this case.

Finding no errors in the record of sufficient merit to warrant a reversal, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.